UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SAMUEL QUINONES; MANUEL PEREZ IRIZARRY; ANGEL MANUEL PEREZ ROSA a/k/a GENUEL,<br><br>        Plaintiff(s),<br><br>MSA RECORDS, INC.; MSA MANAGEMENT GROUP; MANUEL SAPONARA-ANTONMARCHI, CARIDAD QUIROGA PEREZ, and their conjugal partnership SAPONERA-QUIROGA; HECTOR DELGADO ROMAN a/k/a Héctor El Father, MARY DOE, and their conjugal partnership DELGADO-DOE; INSURANCE COMPANIES A & B; COMPANIES X & Y; JOHN DOE; JENNY DOE,<br><br>        Defendant(s). | Civil No. 08-1313 (DRD) |

**AMENDED OPINION AND ORDER**

Pending before the Court is plaintiffs' *Request for Partial Judgment and Notice to the Court*, Docket No. 41.  For the reasons set forth below, the request for default judgment is granted.

**Factual and Procedural Background**

On March 14, 2008, plaintiffs, Samuel Quiñones ("Quiñones"), Manuel Pérez-Irizarry ("Pérez"), Angel Manuel Pérez-Rosa a/k/a Genuel ("Genuel") (collectively "plaintiffs") filed the instant action under diversity jurisdiction, breach of contract and torts against MSA Records, Inc. ("MSA Records"), MSA Management Group ("MSA Management"), Manuel Saporana-Antonmarchi ("Saporana"), Caridad Quiroga Pérez ("Quiroga") and their Conjugal Partnership Saponara-Quiroga, Héctor Delgado-Román a/k/a Héctor El Father ("Héctor El Father"), Mary Doe and the Conjugal Partnership Delgado-Doe, Insurance Companies A & B, Companies X and Y, John Doe, Jenny Doe (collectively "defendants").

On October 17, 2008, an Amended Complaint was filed and new summons were issued, *see* Docket entries No. 11-15.  The record shows that all defendants were duly served through service by publication, except Quiroga, who was personally served with service of process of the Complaint on October 29, 2008,

*see* Docket No. 15.  According to the record, none of the defendants filed an appearance in the instant proceeding.  On November 19, 2008, plaintiffs moved the Court to enter the default against all the defendants for failure to appear, *see* Docket No. 16.  The Clerk of Court entered the default on November 21, 2008, as to Héctor El Father, Quiroga, MSA Records, MSA Management, and Saporana, *see* Docket No. 17.  On June 16, 2009, plaintiffs moved the Court for the entry of the default judgment against the defendants, *see* Docket No. 24.  On December 22, 2009, plaintiffs filed a second motion requesting entry of default judgment, and informing the Court that Héctor El Father has filed for voluntary relief under Chapter 13 of the Bankruptcy Code, Bankruptcy Case No. 08–08259 (ESL), *see* Docket No. 29.

The instant case was inadvertently dismissed without prejudice, on December 31, 2009, *see* Docket entries No. 30-31.  Upon plaintiffs' *Motion To Amend And Alter Judgment*, Docket No. 32, the Court reopened the instant case, except as to the party who is under the protection of the Bankruptcy Court, *see Order*, Docket No. 37.  Plaintiffs filed a motion requesting partial judgment, *see* Docket No. 38.  A second request for default and summary judgment was filed by plaintiffs, on September 19, 2010, *see* Docket entries No. 40, 41.  A hearing on default and damages was held on September 21, 2010, as required by Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), *see Minutes*, Docket No. 42.  The defendants failed to appear at the hearing, only plaintiffs' counsel appeared before the Court, and submitted the case on the record.  The matter was taken under advisement.

### Applicable Law and Discussion

Plaintiffs have requested three remedies, to wit, the entry of summary judgment, the entry of default judgment, and a determination of the recoverable damages claimed by plaintiffs.  In view of the fact that the defendants failed to appear before the Court, and to contest the plaintiffs' motion for summary judgment, the Court finds that the request for summary judgment is moot, as the entry of the default judgment disposes as to the liability of each defendant in this case.  A damages determination award follows.

2

## The Default Judgment Standard

In *Don King Productions, Inc. v. Raizette's Café a/k/a Raices Café, et als.*, 2006 WL 6457504, *1

(D.Puerto Rico April 10, 2006), this Court summarized the default judgment standard:

> "The default of a defendant constitutes an admission of all facts
> well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colon-Rivera*,
> 204 F.Supp.2d 273, 274-75 (D.P.R.2002), citing: *Banco Bilbao Vizcaya
> Argentaria v. Family Restaurants, Inc.* (In re *The Home Restaurants, Inc.*),
> 285 F.3d 111, 114 (1st Cir.2002) ("a party gives up right to contest liability
> 'when it declines to participate in the judicial process' "); *Franco v.
> Selective Ins. Co.*, 184 F.3d 4, 9 n. 3 (1st Cir.1999) ("[a] party who defaults
> is taken to have conceded the truth of the factual allegations in the
> complaint"); *Goldman, Antonetti, Ferraiouli, Axtmayer & Hertell v. Medfit
> Int'l., Inc.*, 982 F.2d 686, 693 (1st Cir.1992) ("an entry of a default against
> a defendant establishes the defendant's liability"); *Brockton Savings Bank
> v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5 (1st Cir.1985) ("there is no
> question that, default having been entered, each of [plaintiff's] allegations
> of fact must be taken as true and each of its [ ] claims must be considered
> established as a matter of law."), *cert. denied*, 475 U.S. 1018 (1986);
> *Eisler v. Stritzler*, 535 F.2d 148, 153 (1st Cir.1976) ("[t]he default
> judgment on the well-pleaded allegations in plaintiff's complaint
> established ... defendant's liability"); *see also Caribbean Produce
> Exchange v. Caribe Hydro-Trailer, Inc.*, 65 F.R.D. 46 (D.P.R.1974) ("it is
> the law that once a default is entered, a defendant on default has no further
> standing to contest the factual allegations of plaintiff's claim for relief....
> Defendant is deemed to have admitted all well pleaded allegations in the
> complaint. At the most, all that defendant can do is question the extent of
> the damages suffered by the plaintiff").

In the instant case, the record shows that the defendants failed to appear in this proceeding.  The

defendants failed to answer the *Complaint*, as well as the plaintiffs' motions for summary judgment, and

plaintiffs' request for default judgment.  According to the record, on November 21, 2008, the Clerk entered

the default as to the defendants, Héctor El Father, MSA Records, MSA Management, Saporana, and Quiroga,

*see* Docket No. 17.  Hence, the entry of default against the defendants, MSA Records, Inc., MSA

Management Group, Saporana, Quiroga and the conjugal partnership Saporena-Quiroga, "constitute an

admission of all facts well-pleaded in the complaint."  *See Don King Productions, Inc.*, 2006 WL 6457504,

*1, and the collection of cases cited therein.

As to the defendant Héctor El Father, the record shows that he was served through service by publication, *see* Docket No. 16.  On December 23, 2008, plaintiffs informed the Court that Héctor El Father filed for voluntary relief under Chapter 13 of the Bankruptcy Code, on December 3, 2008, Bankruptcy Case No. 08–08259 (ESL), *see* Docket No. 18.  The bankruptcy record shows that plaintiffs, Samuel Quiñones, Manuel Pérez Irizarry, and Angel Pérez Sosa had filed their corresponding proofs of claim under Héctor Delgado's bankruptcy case on January 15, 2009 (Claims No. 10, 11 and 12).  Pursuant to Section 362(a) of the Bankruptcy Code, the instant action is stayed only against the defendant Héctor Delgado Román.  Hence, the default entered against defendant Héctor Delgado Román is vacated and set aside, as this action is stayed as to Delgado Román.

In view of the foregoing, the Court finds that the entry of the default judgment against the defendants, MSA Records, Inc., MSA Management Group, Saporana, Quiroga and the conjugal partnership Saporena-Quiroga, is warranted.   As to plaintiffs' summary judgment request, the record shows that the defendants failed to answer and/or contest plaintiffs' motion for summary judgment.  Hence, based on the plaintiffs' statements of facts, *see* Docket No. 40, which stand uncontested by defendants, and the record submitted as evidence by plaintiffs at the default and damages hearing held on September 21, 2010, the Court finds no genuine issues of material facts that will impair the Court to enter a damages award for plaintiffs, recoverable from defendants, MSA Records, Inc., MSA Management Group, Saporana, Quiroga and the conjugal partnership Saporena-Quiroga.  As to defendant Héctor Delgado Román, who is under the protection of the Bankruptcy Code, plaintiffs shall off-set any amounts received under the confirmed Chapter 13 plan of debtor Héctor Delgado Román.

## Conclusion

In view of the foregoing, it is hereby ordered that:

1.      Default judgment be entered against the defendants, MSA Records, Inc., MSA Management Group, Saporana, Quiroga and the conjugal partnership Saporena-Quiroga, except as to

4

Héctor Delgado Román, who is under the protection of the automatic stay provision of the Bankruptcy Code.

2.  Plaintiffs are entitled to recover damages in the total amount of $307,997.00 from the defendants, MSA Records, Inc., MSA Management Group, Saporana, Quiroga and the conjugal partnership Saporena-Quiroga including compensatory damages, legal fees, legal interest, costs and expenses, as detailed below.

3.  The compensatory damages are detailed as follows:

    a.  Contract claims paid by Samuel Quiñones to the defendants, MSA Records, Inc., MSA Management Group, Saporana, Quiroga and the conjugal partnership Saporena-Quiroga for the production and recording of a music album for Angel Pérez Rosa, in the amount of $110,000.00.

    b.  Loss of use of an apartment and automobile until the production and recording of the music album has been completed, valued in the amount of $92,500.00.

    c.  Mental and emotional damages, as follows: (a) Samuel Quiñones in the amount of $25,000.00; (b) Angel Pérez Rosa in the amount of $45,000.00; and (c) Manuel Pérez Irizarry in the amount of $25,000.00.[1]

    d.  Legal fees in the amount of $10,000.00.

    e.  Costs and expenses awarded to plaintiffs in the amount of $497.00.

    f.  Defendants will also be responsible for the payment of legal interest from the date of the default judgment.

---

[1] Under local law, as the instant case is based on diversity jurisdiction, 28 U.S.C. § 1332, the obligations grounded on private contracts under the Puerto Rico Civil Code, are tantamount to obligations based under the law 31 L.P.R.A. §§ 3017-3025, Arts. 1053-1061 of the Puerto Rico Civil Code.

Further, under *Pereira v. IBEC, et al.*, 95 D.P.R. 28, 56-61(1967), the Supreme Court of Puerto Rico held that the Court may award compensatory damages and mental distress damages to the victims of a contract violation.

4.      Plaintiffs shall offset from the damages award any amounts received as payments from the

debtor Héctor Delgado Román through his confirmed Chapter 13 Plan.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2d day of November, 2010.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

6